UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE PETERSON,

    Plaintiff,

v.                                                                                    CASE No.:

                                                             DIVISION:

SUNRISE HOMES, INC. and
SUNRISE HOMES REALTY, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICOLE PETERSON, by and through undersigned counsel, brings this Complaint against Defendant, SUNRISE HOMES, INC. and SUNRISE HOMES REALTY, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages to redress Defendants' willful violations of 26 U.S.C. § 7434, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and for breach of contract and unpaid wages under Florida common law and violations of IRS Code Subsection 7434(d).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 201 *et seq.*, 26 U.S.C. § 7434, and 28 U.S.C. § 1367.

3. The INTERNAL REVENUE SERVICE ("IRS") will be notified of the commencement of this action in accordance with Subsection 7434(d) of the Internal Revenue Code, which provides that "[a]ny person bringing an action under Subsection [7434](a) shall

provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

4. Venue is proper in the Middle District of Florida, because a substantial number of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District. Further, Plaintiff worked for Defendant in this judicial district.

## PARTIES

5. Plaintiff is a resident of Hillsborough County, Florida.

6. Defendant, SUNRISE HOMES, INC. operates a home construction business in Hillsborough County, Florida.

7. Defendant, SUNRISE HOMES REALTY, INC., operates a real estate business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

17. At all times material, Defendants were joint employers of Plaintiff because Defendants shared and exercised a high degree of control over Plaintiff, exercised direct supervision over the Plaintiff, and each Defendant had the right to hire, fire, or modify the employment relationship with Plaintiff.

## **FACTS**

18. Plaintiff began working for Defendants as a Sales Manager in February 2017 and she continued to work for Defendants until June 2018.

19. As part of Defendants' hiring process, Plaintiff and Defendants negotiated the terms of her employment and entered into an oral contract.

20. In exchange for Plaintiff's services as a Sales Agent, Defendant agreed to pay Plaintiff a yearly salary of Twenty Four Thousand Dollars ($24,000.00), distributed weekly, for her services. Additionally, Defendants also agreed to pay Plaintiff commission payments based on a percentage of Defendants' construction loans at the time of title closing. Finally, Defendants agreed to pay a portion of the costs for health insurance for Plaintiff and her family.

21. During her employment, Plaintiff satisfactorily performed the duties of her position in a competent manner pursuant to the oral agreement.

22. Nevertheless, Defendants failed to pay Plaintiff all wages owed to Plaintiff, including Plaintiff's salary, commission payments, and the agreed-upon portion of Plaintiff's health insurance benefits.

23. Plaintiff's unpaid salary payments, commission payments, and health benefits constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

24. Additionally, during and after Plaintiff's tenure with Defendants, Defendants willfully engaged in a scheme to defraud Plaintiff and state and federal taxing authorities by unlawfully charging Plaintiff for Defendants' portion of taxes owed on Plaintiff's salary, thereby lessening Defendants tax obligations.

25. For example, Defendants required that Plaintiff fill out IRS W-4 form and withheld taxes in accordance with Federal Insurance Contributions Act.

26. However, beginning on or about December 2017, Defendants' willfully began making unlawful deductions from Plaintiff's salary to recover the employer portion of its federal tax obligations they were required to pay regarding Plaintiff's salary.

27. Defendants also made unlawful deductions for the costs it agreed to pay for Plaintiff's health insurance premiums.

28. Defendants' willfully filed W-2 forms that contained fraudulent information because Defendants did not report these unlawful deductions to the IRS, nor were these improper deductions reflected on Plaintiff's 2017 W-2 information return.

29. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's earnings and to provide Plaintiff with accurate W-2 tax statements for each tax year during which Plaintiff worked.

30. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

31. On or about April 2018, Plaintiff questioned Defendants' unlawful payroll practices but did not receive a response.

32. Finally, on or about June 2018, Plaintiff protested Defendants' unlawful payroll practices yet again.

33. In retaliation for her complaints, Defendants terminated Plaintiff's employment on or about June 2018.

## COUNT I – BREACH OF CONTRACT UNDER FLORIDA COMMON LAW

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

35. Defendants did not compensate Plaintiff in accordance with the agreed-upon terms of the oral employment agreement.

36. Defendants' failure to compensate Plaintiff in accordance with the agreement constitutes a breach of contract.

37. As soon as Plaintiff started to perform services for Defendants in accordance their agreement with Plaintiff, Defendants' contractual duty to compensate Plaintiff in accordance with the agreement became absolute and had to be discharged by Defendants in order to avoid a breach of the contract.

38. As a result of Defendants' breach, Plaintiff suffered damages that were foreseeable at the time that the parties entered into the Agreement, including but not limited to lost wages and benefits that Plaintiff would have earned under the Agreement.

***WHEREFORE***, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue, and that this Court take jurisdiction over the case;

(c) That this Court award Plaintiff damages for breach of contract;

(d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

(e) For such further relief as this Court deems just.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

40. During the statutory period, Plaintiff worked for Defendants and Defendants' agreed to pay Plaintiff for her services.

41. Defendants' failed to pay Plaintiff all of the aforementioned "wages" owed to Plaintiff.

42. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## COUNT III– CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

44. By failing to properly account for and pay Federal Insurance Contributions Act ("FICA") taxes on Plaintiff's behalf, as required by the IRS, during the course of Plaintiff's employment, Defendants' filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

45. By filing the fraudulent W-2 forms, Defendants substantially reduced its obligation for payment of taxes pursuant to the FICA and the Federal Unemployment Tax Act.

46. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

*WHEREFORE*, Plaintiff demands:

    a) Costs attributable to resolving deficiencies, damages of $5,000 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

    b) That Defendants be ordered to take all the necessary steps to correct the above identified information returns.

    c) All costs and attorney's fees incurred in prosecuting these claims; and

    d) For such further relief as the Court deems just and equitable.

## COUNT IV – FLSA RETALIATION

47. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

48. By protesting Defendants' unlawful payroll practices, Plaintiff engaged in protected activity under the FLSA.

49. Defendants' retaliated against Plaintiff for engaging in protected activity under the FLSA by terminating Plaintiff's employment

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff was injured by Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 5th day of February, 2020.

Respectfully submitted,

/s/ Donna V. Smith

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: (813) 224-0431
Direct Dial: (813) 386-0995
Facsimile: (813) 229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**